IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAMIKA NIKOLE PRESSLEY,
Plaintiff,

v.

MOUNT CARMEL BOROUGH;
NORTHUMBERLAND COUNTY;
MOUNT CARMEL BOROUGH POLICE DEPARTMENT;
OFFICER DAVID M. BUCHER, individually and in his official capacity;
MAGISTERIAL DISTRICT JUDGE WILLIAM CHARLES COLE, individually and in his official capacity;
JUDGE WILLIAM J. ZALINSKI, individually and in his official capacity;
JUDGE PAIGE ROSINI, individually and in her official capacity;
JOHN DOES 1-5, unknown officials and employees of Mount Carmel Borough and Northumberland County; and Defendants.

CIVIL ACTION NO.:_____

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as supplemental state law claims.
2. Plaintiff, Tamika Nikole Pressley, a resident of Bala Cynwyd, Pennsylvania, has been subjected to false criminal charges, a fraudulent docket, improper judicial proceedings, and an active warrant—all arising from a property she does not own.
3. Defendants, acting under color of state law, have conspired to hold Plaintiff criminally liable for property owned solely by Chocolate Nonprofits, a separate entity.
4. The docket in the underlying criminal case (CP-49-CR-0000624-2025) was printed on February 18, 2025—more than four months before the case was filed on June 23, 2025—constituting fraud on its face.
5. As a direct result of Defendants' actions, Plaintiff has suffered:
 · Unlawful criminal charges
 · An active warrant affecting her freedom of movement

· An active warrant affecting her freedom of movement
· Detention and interrogation at international ports of entry
· Emotional distress and reputational harm
· Financial loss and legal expenses

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to:
   · 28 U.S.C. § 1331 (federal question)
   · 28 U.S.C. § 1343 (civil rights)
2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district and a substantial part of the events giving rise to these claims occurred in Northumberland County, which lies within this district.

PARTIES

1. Plaintiff Tamika Nikole Pressley is a natural person residing at [Address], Bala Cynwyd, Pennsylvania 19004. She has at all relevant times been a citizen of the United States and the Commonwealth of Pennsylvania.
2. Defendant Mount Carmel Borough is a municipal entity located in Northumberland County, Pennsylvania, capable of suing and being sued.
3. Defendant Northumberland County is a municipal entity located in Pennsylvania, capable of suing and being sued.
4. Defendant Mount Carmel Borough Police Department is a law enforcement agency acting under color of state law.
5. Defendant Officer David M. Bucher is an adult individual and police officer employed by the Mount Carmel Borough Police Department. He is sued in his individual and official capacities.
6. Defendant Magisterial District Judge William Charles Cole is an adult individual and judicial officer who presided over the initial stages of the underlying criminal matter. He is sued in his individual and official capacities.
7. Defendant Judge William J. Zalinski is an adult individual listed as "Final Issuing Authority" on the docket. Upon information and belief, Judge Zalinski's office has no record of this case, and he lacks proper jurisdiction. He is sued in his individual and official capacities.
8. Defendant Judge Paige Rosini is an adult individual and a judge for the Northumberland County Court of Common Pleas . Upon information and belief, Judge Rosini signed the warrant underlying this matter. She is sued in her individual and official capacities.
9. Defendant John Does 1-5 are unknown officials and employees of Mount Carmel Borough and Northumberland County who participated in the unlawful conduct described herein.
10. Defendant Chocolate Nonprofits is the actual owner of the subject property. Plaintiff names Chocolate Nonprofits as a party solely to establish the chain of ownership and to ensure complete relief.

## FACTUAL ALLEGATIONS

### The Property and Ownership

1. The subject property is located in Mount Carmel Boro, Northumberland County, Pennsylvania.
2. Plaintiff does not own, has never owned, and has no legal interest in the subject property.
3. The property is owned solely and entirely by Chocolate Nonprofits, a separate legal entity.

### The Criminal Charges

1. On or about June 23, 2025, criminal charges were filed against Plaintiff under Docket No. CP-49-CR-0000624-2025.
2. The charges include:
   · Failure to Comply With a Code Requirement (53 Pa.C.S. § 6115(a))
   · Public Nuisance (18 Pa.C.S. § 6504)
   · Disorderly Conduct (18 Pa.C.S. § 5503(a)(4))
3. These charges arise from alleged conditions at the property owned by Chocolate Nonprofits.
4. Defendant Officer David M. Bucher was the arresting officer and signed the complaint.

### The Fraudulent Docket

1. The official docket sheet, attached hereto as Exhibit A, bears a print date of February 18, 2025.
2. The case was not filed until June 23, 2025—over four months later.
3. It is impossible for a docket to be printed before a case is filed.
4. This irregularity constitutes fraud on its face and evidence of fabricated court records.

### The Judicial Irregularities

1. The docket lists Magisterial District Judge William Charles Cole as the "Initial Issuing Authority."
2. The docket lists Judge William J. Zalinski as the "Final Issuing Authority."
3. Upon information and belief, Defendant Zalinski's chambers have no record of this case and no knowledge of its assignment.
4. Judge Zalinski is not listed among the active judges of the Northumberland County Court of Common Pleas.
5. The transfer from Judge Cole to Judge Zalinski appears irregular and likely improper.

### The Warrant and Judicial Involvement

1. Upon information and belief, Defendant Judge Paige Rosini signed the warrant for Plaintiff's arrest in this matter.

2. Judge Rosini is a sitting judge on the Northumberland County Court of Common Pleas, having been elected in 2015 and serving as President Judge since January 2023 .

3. The warrant signed by Judge Rosini was issued without probable cause, as Plaintiff does not own the subject property and the underlying docket contains fraudulent information.

4. The warrant is reflected in law enforcement databases, including those accessed at international ports of entry.

5. Plaintiff has been:
   · Detained at international ports of entry upon returning to the United States
   · Questioned and held due to the warrant
   · Unable to travel freely without fear of arrest
   · Subject to embarrassment and humiliation

6. The warrant continues to affect Plaintiff's freedom of movement and international travel.

Plaintiff's Efforts to Resolve

1. For over one month, Plaintiff has made repeated phone calls to:
   · Judge Zalinski's chambers
   · Northumberland County Court Administration
   · The Northumberland County District Attorney's Office
   · Other court personnel

2. Despite these efforts, no resolution has been provided.

3. Defendants have refused or failed to correct the false charges or clear Plaintiff's record.

Defendants' Scheme

1. Upon information and belief, Defendants Mount Carmel Borough and Northumberland County desire to acquire or exert control over the property owned by Chocolate Nonprofits.

2. Rather than pursuing lawful means, Defendants have:
   · Falsely attributed property ownership to Plaintiff
   · Filed criminal charges against Plaintiff personally
   · Fabricated or manipulated court records
   · Improperly transferred judicial assignments
   · Issued a warrant without probable cause
   · Refused to correct their errors despite notice

3. Plaintiff is being used as a pawn in Defendants' scheme to pressure the true property owner.

4. Defendants' actions constitute a conspiracy to violate Plaintiff's civil rights.

LEGAL CLAIMS

COUNT I

42 U.S.C. § 1983 – Malicious Prosecution
(Against All Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.
2. Defendants initiated criminal proceedings against Plaintiff without probable cause.
3. Defendants acted with malice or improper purpose.
4. The proceedings terminated or will terminate in Plaintiff's favor.
5. Plaintiff suffered deprivation of liberty and damages.

## COUNT II

**42 U.S.C. § 1983 – Unreasonable Seizure / False Arrest**
(Against Officer Bucher, Mount Carmel Police Department, Mount Carmel Borough, and Judge Rosini)

1. Plaintiff incorporates by reference all preceding paragraphs.
2. Defendants seized Plaintiff through issuance of a warrant without probable cause.
3. Judge Rosini, by signing the warrant based on false and fraudulent information, participated in this unreasonable seizure.
4. The warrant constitutes an unreasonable seizure under the Fourth Amendment.

## COUNT III

**42 U.S.C. § 1983 – Due Process Violation (Fourteenth Amendment)**
(Against All Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.
2. Defendants deprived Plaintiff of liberty and property without due process of law.
3. The fraudulent docket, improper judicial assignments, false charges, and invalid warrant constitute arbitrary government action.

## COUNT IV

**42 U.S.C. § 1983 – Conspiracy to Violate Civil Rights**
(Against All Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.
2. Defendants reached an agreement to deprive Plaintiff of her constitutional rights.
3. Defendants committed overt acts in furtherance of the conspiracy, including filing false charges, manipulating court records, issuing an invalid warrant, and refusing to correct errors.
4. Plaintiff was damaged as a result.

## COUNT V

**Monell Liability – Municipal Liability**
(Against Mount Carmel Borough and Northumberland County)

1. Plaintiff incorporates by reference all preceding paragraphs.
2. Defendants Mount Carmel Borough and Northumberland County maintained policies, practices, or customs of:
   · Filing false charges against individuals not responsible for properties
   · Manipulating court records and dockets
   · Improperly transferring judicial assignments
   · Issuing warrants without probable cause
   · Failing to train or supervise employees regarding proper procedures
3. These policies were the moving force behind the violations of Plaintiff's rights.

## COUNT VI

Fraud on the Court
(Against All Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.
2. Defendants knowingly presented a docket sheet with an impossible date to the court.
3. This fraud undermines the integrity of the judicial process.

## COUNT VII

Abuse of Process
(Against All Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.
2. Defendants used legal process primarily to accomplish a purpose for which it was not designed—to pressure the true property owner through Plaintiff.

## COUNT VIII

Intentional Infliction of Emotional Distress
(Against All Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs.
2. Defendants' conduct was extreme and outrageous.
3. Defendants acted intentionally or recklessly.
4. Plaintiff suffered severe emotional distress, including anxiety, humiliation, and fear of arrest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this matter;

B. Schedule an emergency hearing;

C. Issue a Temporary Restraining Order and Preliminary Injunction:

· Directing Northumberland County to quash the warrant immediately
· Prohibiting further proceedings in the underlying criminal case pending resolution
· Ordering Defendants to cease and desist from enforcing the warrant

D. Enter judgment in favor of Plaintiff and against Defendants;

E. Award compensatory damages in an amount to be determined at trial;

F. Award punitive damages against individual Defendants;

G. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

H. Order expungement of all records related to the underlying criminal case;

I. Grant such other and further relief as this Court deems just and proper.


JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


Respectfully submitted,

Tamika Nikole Pressley
Pro Se
1 Union Ave 2592
2677466888
T.pressley@icloud.com

Date: 02/18/2025


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint was served upon all Defendants by certified mail, return receipt requested, on this 18th day of February , 2025.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tamika Pressley

**DEFENDANTS** Mount Carmel Borough, Northumberland County, Mount Carmel Borough Police District, David M Butcher, William Charles Cole, William Zahost, Paul R Rosini, John Does

**(b)** County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Northumberland
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC 1983

Brief description of cause:
Civil action for deprivation of rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____